UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

Return Date: 9/15/2026 10.00 am.

CLERK
U.S. BANKRUPTCY
EASTERN DISTRICT OF
NEW YORK

2026 AUG -6 A 10:51

RECEIVED

-----------------------------------------------------------x

In re:
DHARMANAND LATCHMAN

DL

Case No. 8-25-72986 las

Debtor(s)

Chapter 13th

-----------------------------------------------------------x

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE**, a hearing will be held at the U.S. Bankruptcy Court for the Eastern District of New York, located at 290 Federal Plaza, Central Islip, NY 11722 before the Honorable Scarella, United States Bankruptcy Judge, to consider the motion for an order granting relief as follows: 1. Give me a Stay for Property / My Residence at 712 Brook CT Baldwin NY 11510
2. To Reopen my Chapter 13 filed on 8/4/25.

**Date of hearing:** 9/15/2026 **Time:** 10.00 am

**Register for Hearing:** All parties must register 2-3 days prior to hearing on eCourt Appearances at *https://ecf.nyeb.uscourts.gov/cgi-bin/nyebAppearances.pl.* Parties will receive hearing instructions by email after registration on eCourt Appearances is completed.

Responsive papers shall be filed with the bankruptcy court no later than seven (7) days prior to the hearing date set forth above.

Dated: 8/6/2026

Signature: [signature]
Print name: DHARMANAND LATCHMAN
Address: 712 BROOK CT
Baldwin NY 11510
Phone: 516 851 745-4
Email: Dharlatchman@gmail.com

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DHARMANAND LATCHMAN aka<br>DHARMANAND LACHMAN,<br><br>Debtor. | Chapter 13<br><br>Case No. 8-25-72986-las<br><br>Hon. Louis A. Scarcella |

## NOTICE OF MOTION TO REOPEN CLOSED CHAPTER 13 CASE FOR LIMITED PURPOSE AND FOR DETERMINATION OF THE EXISTENCE, SCOPE, AND EFFECT OF THE AUTOMATIC STAY

PLEASE TAKE NOTICE that, upon the annexed Declaration of Dharmanand Latchman aka Dharmanand Lachman, the accompanying Memorandum of Law, the exhibits, the dockets in Case Nos. 8-25-72986-las and 8-25-71060-las, and all prior proceedings, the Debtor will move before the United States Bankruptcy Court for the Eastern District of New York, Courtroom 970, Alfonse M. D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722, on Sept. 15th 2026, 10:00 am DL ~~a date and at a time to be fixed by the Court,~~ for an Order pursuant to 11 U.S.C. §§ 105(a), 350(b), and 362; Federal Rules of Bankruptcy Procedure 5010, 9014, and 9024; and 28 U.S.C. §§ 157 and 1334:

1. Reopening this closed Chapter 13 case for the limited purpose of determining the legal effect of the Chapter 13 petition filed on August 4, 2025, without reinstating the case or disturbing the August 12, 2025 dismissal except to the extent necessary to decide that limited issue;

2. Determining whether the August 4, 2025 Chapter 13 petition caused an automatic stay to arise under 11 U.S.C. § 362(a);

3. If a stay arose, determining its scope and whether it protected the real property located at 712 Brook Court, Baldwin, New York 11510 on August 5, 2025;

4. Determining whether the May 6, 2025 stay-relief order entered as Docket No. 24 in the separate Chapter 7 case, Case No. 8-25-71060-las, applied prospectively to the later Chapter 13 case or otherwise authorized the August 5, 2025 foreclosure sale;

5. Determining the legal effect of the August 5, 2025 foreclosure sale, including whether the sale, bid, memorandum of sale, referee's deed, assignment of bid, transfer, or possession activity was void, voidable, or valid under federal bankruptcy law;

6. Directing the creditor, servicer, foreclosure counsel, referee, purchaser, assignee, and any title or recording agent to disclose the present status of the sale, deed, assignment, recording, transfer, possession, resale, and surplus proceeds;

7. Preserving the status quo concerning title and possession pending the Court's determination, or, if the Court concludes that an adversary proceeding is required, for a reasonable period to permit the Debtor to commence that proceeding;

8. Alternatively, directing the procedure by which the Debtor must seek declaratory or injunctive relief, including leave to commence an adversary proceeding under Federal Rule of Bankruptcy Procedure 7001; and

9. Granting such other and further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that answering papers, if any, shall be filed and served in accordance with the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Eastern District of New York, and any scheduling order entered by the Court.

Dated: 8/6/26, 2026
Baldwin, New York


**DHARMANAND LATCHMAN aka DHARMANAND LACHMAN**
Debtor, Pro Se
712 Brook Court
Baldwin, New York 11510
Telephone: (516) 851-7454

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| DHARMANAND LATCHMAN aka DHARMANAND LACHMAN, | Case No. 8-25-72986-las |
| | Hon. Louis A. Scarcella |
| Debtor. | |

**DECLARATION OF DHARMANAND LATCHMAN AKA DHARMANAND LACHMAN IN SUPPORT OF MOTION**

I, Dharmanand Latchman aka Dharmanand Lachman, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

**PRELIMINARY STATEMENT**

1. I am the Debtor in this Chapter 13 case and the debtor in the separate Chapter 7 case, Case No. 8-25-71060-las. I submit this declaration to obtain a focused determination concerning the legal effect of the Chapter 13 petition filed on August 4, 2025, before the foreclosure sale of 712 Brook Court on August 5, 2025.

2. I do not ask this Court to disregard or relitigate the May 6, 2025 order entered as Docket No. 24 in the Chapter 7 case. The Court has stated that Docket No. 24 granted SN Servicing Corporation, as servicer for U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust, relief from the Chapter 7 stay concerning 712 Brook Court. The separate question presented here is whether the later Chapter 13 petition caused a new stay to arise and, if so, whether the Chapter 7 stay-relief order governed the later case.

3. The Chapter 13 filing notice states that the petition was filed on August 4, 2025 at 2:57 p.m. and entered at 3:13 p.m. The foreclosure sale occurred the next day, August 5, 2025.

4. On August 5, 2025, the Court entered an Order to Show Cause directing me to explain why the Chapter 13 case should not be dismissed because the Chapter 7 case was already pending. The Order to Show Cause did not state that the Chapter 13 petition was void from inception, that no automatic stay arose, or that any stay was annulled retroactively.

5. On August 12, 2025, the Court dismissed the Chapter 13 case after I failed to oppose or appear. The dismissal order did not expressly determine the existence or scope of any stay during the period from August 4 through August 12, 2025, did not expressly annul any stay, and did not expressly validate the August 5 foreclosure sale.

6. The Chapter 13 docket reflects the August 4 petition, the August 5 Order to Show Cause, and the August 12 dismissal. The docket materials supplied with this motion do not show an order granting relief from a Chapter 13 stay before the August 5 sale.

7. On July 15, 2026, in the separate Chapter 7 case, the Court denied an emergency application because Docket No. 24 had granted relief from the Chapter 7 stay concerning 712 Brook Court. That order correctly resolves the Chapter 7 issue. It does not state that the Court adjudicated the distinct legal effect of the later Chapter 13 filing.

8. The issue matters because title, recording, transfer, possession, resale, and surplus consequences may continue to flow from the August 5 sale. A definitive ruling from the Bankruptcy Court will allow the parties and the Nassau County Supreme Court to proceed on a correct federal-law record.

9. I am not seeking confirmation of a Chapter 13 plan, reinstatement of the dismissed case, or a new automatic stay. I seek only a limited reopening and a determination of what legal protection, if any, existed on August 5, 2025, together with appropriate preservation and procedural relief.

## FACTUAL BACKGROUND

10. On March 19, 2025, I filed Chapter 7 Case No. 8-25-71060-las in this Court.

11. In that Chapter 7 case, SN Servicing Corporation, as servicer for U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust, sought relief from the automatic stay concerning 712 Brook Court.

12. The Court has since confirmed that, on May 6, 2025, it entered Docket No. 24 granting that creditor relief from the Chapter 7 stay under 11 U.S.C. § 362(d)(1) to enforce its rights and remedies concerning 712 Brook Court.

13. On August 4, 2025, I filed this Chapter 13 case, Case No. 8-25-72986-las. The Notice of Bankruptcy Case Filing identifies the filing time as 2:57 p.m. and the entry time as 3:13 p.m.

14. The Notice of Bankruptcy Case Filing states that, in most instances, the filing of a bankruptcy case automatically stays collection and other actions, while also advising that under some circumstances the stay may be limited or may not exist.

15. On August 5, 2025, the foreclosure sale of 712 Brook Court was conducted.

16. Also on August 5, 2025, the Court entered an Order to Show Cause based upon the pending Chapter 7 case and scheduled a hearing for August 12, 2025.

17. On August 12, 2025, the Court dismissed this Chapter 13 case because I failed to oppose or appear at the hearing.

18. The case was later closed on September 9, 2025.

19. The present record does not include a Chapter 13 order entered before the August 5 sale granting relief from stay, annulling a stay, declaring the petition void ab initio, or granting in rem relief under 11 U.S.C. § 362(d)(4).

20. The current record also does not contain the complete facts necessary to determine whether any limitation under 11 U.S.C. § 362(c)(3) or § 362(c)(4) applied. That determination should be made by this Court on a complete docket and notice record.

21. Because the validity of the foreclosure sale turns on the legal effect of the Chapter 13 filing, cause exists to reopen this closed case for the limited purpose requested.

## RELIEF REQUESTED

22. I respectfully request that the Court reopen this case for the limited purpose of deciding the existence, scope, and effect of any automatic stay arising from the August 4, 2025 petition.

23. I respectfully request a determination whether the May 6, 2025 Chapter 7 stay-relief order applied to the later Chapter 13 case, including whether it contained prospective or in rem relief enforceable in a subsequent case.

24. If the Court determines that a Chapter 13 stay arose and protected 712 Brook Court on August 5, 2025, I request a determination of the legal effect of the foreclosure sale and all derivative sale acts.

25. If the Court determines that declaratory or injunctive relief must be sought through an adversary proceeding, I request an order reopening the case, directing that procedure, and allowing a reasonable period for commencement while preserving the status quo after notice to all affected parties.

26. I further request disclosure of the identity of the purchaser and any assignee, the status of any referee's deed, recording or transfer, any resale or encumbrance, any possession or eviction activity, and any surplus proceeds.

WHEREFORE, I respectfully request that the Court grant the motion and such other and further relief as the Court deems just and proper.

Dated: 8/6, 2026
Baldwin, New York

**DHARMANAND LATCHMAN aka DHARMANAND LACHMAN**
Debtor, Pro Se
712 Brook Court
Baldwin, New York 11510
Telephone: (516) 851-7454

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| DHARMANAND LATCHMAN aka DHARMANAND LACHMAN, | Case No. 8-25-72986-las |
| | Hon. Louis A. Scarcella |
| Debtor. | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REOPEN AND FOR DETERMINATION OF THE EXISTENCE, SCOPE, AND EFFECT OF THE AUTOMATIC STAY

## PRELIMINARY STATEMENT

This motion presents a narrow issue that has not been resolved by the materials presently before the Debtor: whether the Chapter 13 petition filed on August 4, 2025 caused an automatic stay to arise before the August 5, 2025 foreclosure sale, and, if so, whether the May 6, 2025 stay-relief order entered in the separate Chapter 7 case authorized the sale notwithstanding the later filing. The Debtor expressly acknowledges the Chapter 7 stay-relief order and does not seek to relitigate it. The request is limited to the legal effect of the later Chapter 13 petition.

The Chapter 13 case was dismissed on August 12, 2025 because the Chapter 7 case was already pending, but the dismissal order does not expressly state that the later petition was void from inception, that no stay arose, that any stay was retroactively annulled, or that the August 5 sale was validated. A limited reopening is therefore appropriate so that this Court can interpret its own docket and determine the federal bankruptcy consequences of the filing.

## JURISDICTION AND PROCEDURAL AUTHORITY

This Court has jurisdiction under 28 U.S.C. § 1334. A determination concerning relief from or the scope of the automatic stay is a core proceeding under 28 U.S.C. § 157(b)(2)(G). Section 350(b) authorizes reopening to administer assets, accord relief to the debtor, or for other cause. Federal Rule of Bankruptcy Procedure 5010 governs motions to reopen. Rule 9014

governs contested matters, and Rule 9024 incorporates Federal Rule of Civil Procedure 60, subject to the Bankruptcy Rules.

The Debtor recognizes that Federal Rule of Bankruptcy Procedure 7001 may require an adversary proceeding for certain declaratory or injunctive relief. The motion therefore requests, in the alternative, procedural directions and a reasonable period to commence an adversary proceeding if the Court determines that one is required.

## ARGUMENT

### I. Cause exists to reopen the closed case for a limited determination.

Reopening is appropriate where it is necessary to accord relief or resolve an issue that remains material after closure. 11 U.S.C. § 350(b). The requested reopening is limited. The Debtor does not seek reinstatement of the dismissed Chapter 13 case, confirmation of a plan, or a new stay. He seeks an authoritative determination concerning the legal consequences of a petition filed before a foreclosure sale. That determination affects the validity of the sale and the rights of the creditor, purchaser, title parties, and occupants. It also will provide the state court with a definitive federal-law ruling.

The Chapter 13 docket was closed after dismissal, but the closure does not eliminate the Court's authority to interpret its own orders and determine whether the automatic stay operated during the period before dismissal. To the extent relief from the closure order is required, Rule 9024 provides an additional procedural basis for limited relief.

### II. The Chapter 7 stay-relief order does not, by itself, answer the Chapter 13 question.

The July 15, 2026 order in the Chapter 7 case establishes that Docket No. 24 granted SN Servicing Corporation and U.S. Bank Trust National Association relief from the Chapter 7 stay concerning 712 Brook Court. The Debtor accepts that ruling. The relevant question is whether that order operated in the later Chapter 13 case.

Relief under 11 U.S.C. § 362(d)(1) ordinarily concerns the stay in the case in which the order is entered. Congress separately provided prospective in rem relief under § 362(d)(4), which may bind later cases when the statutory findings and recording requirements are satisfied. The present record does not establish that Docket No. 24 granted § 362(d)(4) relief, that it expressly applied to later cases, or that it was recorded as required for in rem effect. The Court should review the actual order and determine its reach rather than presume that ordinary § 362(d)(1) relief carried forward automatically.

## III. The legal effect of the simultaneous Chapter 13 filing should be determined by the Bankruptcy Court.

The Supreme Court has long recognized that simultaneous bankruptcy proceedings involving the same debtor present serious procedural concerns. See Freshman v. Atkins, 269 U.S. 121, 123-24 (1925). The August 5, 2025 Order to Show Cause and the August 12 dismissal reflect that concern. But the consequence of the filing for the period before dismissal is not resolved merely by observing that the second case was improper or subject to dismissal.

Section 362(a) states that a petition filed under the Bankruptcy Code operates as a stay, subject to statutory exceptions and limitations. Sections 362(c)(3) and (4) may limit or eliminate a stay in specified repeat-filing circumstances, and § 362(d)(4) may create prospective in rem consequences. Whether any of those provisions applied depends on the complete filing history and the terms of the relevant orders. The current excerpts do not supply all facts necessary to decide those questions. This Court is the appropriate forum to make that determination.

## IV. The dismissal order does not expressly resolve the pre-dismissal stay period.

Under 11 U.S.C. § 362(c)(2)(B), a stay that exists ordinarily terminates when the case is dismissed. The August 12 dismissal order ended the Chapter 13 case, but it does not expressly annul any stay retroactively under § 362(d), declare that no stay arose, or validate the August 5 sale. The distinction matters because acts taken in violation of an existing stay are treated as void in the Second Circuit. Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522, 527 (2d Cir. 1994).

The Debtor does not ask the Court to assume that a stay existed. He asks the Court to determine whether one existed and, only if it did, the legal consequences of the sale. That approach respects the dismissal order, the Chapter 7 stay-relief order, and the need for a complete record.

**V. Limited preservation and disclosure relief is appropriate.**

Section 105(a) authorizes orders necessary or appropriate to carry out the Bankruptcy Code. Because title and possession consequences can become more difficult to unwind as deeds are recorded, interests are assigned, property is resold, or possession changes, the Court may preserve the status quo after notice while it determines the proper procedure and merits. At minimum, the affected parties should be required to disclose the purchaser, assignee, deed and recording status, title transfers, resale or encumbrance activity, possession proceedings, and surplus proceeds.

If the Court concludes that permanent declaratory or injunctive relief requires an adversary proceeding, the Court should reopen the case, direct that procedure, and provide a short period for commencement while preventing further changes to title or possession after notice. This alternative avoids procedural dismissal while ensuring that the federal stay question is decided on the merits.

## CONCLUSION

The Court should reopen this case for the limited purpose requested, determine whether an automatic stay arose from the August 4, 2025 Chapter 13 filing and whether it protected 712 Brook Court on August 5, 2025, determine the reach of the Chapter 7 stay-relief order, and grant appropriate disclosure, preservation, and procedural relief. Alternatively, the Court should direct the Debtor to commence an adversary proceeding and preserve the status quo for a reasonable period after notice.

Dated: 8/6, 2026
Baldwin, New York

[signature]

**DHARMANAND LATCHMAN aka DHARMANAND LACHMAN**
Debtor, Pro Se
712 Brook Court
Baldwin, New York 11510
Telephone: (516) 851-7454

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

DHARMANAND LATCHMAN aka
DHARMANAND LACHMAN,

Debtor.

Chapter 13

Case No. 8-25-72986-las

Hon. Louis A. Scarcella

## TABLE OF AUTHORITIES

### STATUTES

11 U.S.C. § 105(a)
11 U.S.C. § 350(b)
11 U.S.C. § 362(a), (c), and (d)
28 U.S.C. § 1334
28 U.S.C. § 157(b)(2)(G)

### RULES

Fed. R. Bankr. P. 5010
Fed. R. Bankr. P. 7001
Fed. R. Bankr. P. 9014
Fed. R. Bankr. P. 9024

### CASES

Freshman v. Atkins, 269 U.S. 121 (1925)
Rexnord Holdings, Inc. v. Bidermann, 21 F.3d 522 (2d Cir. 1994)

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>DHARMANAND LATCHMAN aka<br>DHARMANAND LACHMAN,<br><br>Debtor. | Chapter 13<br><br>Case No. 8-25-72986-las<br><br>Hon. Louis A. Scarcella |

## TABLE OF EXHIBITS

| Exhibit | Document | Purpose |
|---|---|---|
| A | Notice of Bankruptcy Case Filing, Chapter 13, Case No. 8-25-72986-las, filed August 4, 2025 | Establishes the Chapter 13 filing date and time and the Court's general stay notice. |
| B | Order to Show Cause entered August 5, 2025 in Case No. 8-25-72986-las | Shows that dismissal was proposed because the Chapter 7 case was pending; it does not expressly determine the stay issue. |
| C | Order of Dismissal entered August 12, 2025 in Case No. 8-25-72986-las | Shows the dismissal date and stated basis. |
| D | Chapter 13 docket history for Case No. 8-25-72986-las | Shows the petition, Order to Show Cause, dismissal, and closure entries. |
| E | Order dated July 15, 2026 in Chapter 7 Case No. 8-25-71060-las, Docket No. 58 | Confirms that Chapter 7 Docket No. 24 granted stay relief for 712 Brook Court and distinguishes the remaining Chapter 13 issue. |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| DHARMANAND LATCHMAN aka DHARMANAND LACHMAN, | Case No. 8-25-72986-las |
| | Hon. Louis A. Scarcella |
| Debtor. | |

## PROPOSED ORDER REOPENING CASE FOR LIMITED PURPOSE AND DIRECTING DETERMINATION OF AUTOMATIC STAY ISSUES

Upon the Motion of Dharmanand Latchman aka Dharmanand Lachman (the "Debtor") to reopen this closed Chapter 13 case for a limited purpose and to determine the existence, scope, and effect of any automatic stay arising from the petition filed August 4, 2025; upon the Debtor's declaration, memorandum of law, exhibits, the dockets in this case and Chapter 7 Case No. 8-25-71060-las, and all papers and proceedings; after notice and opportunity to be heard; and sufficient cause appearing, it is hereby

ORDERED, that the Motion is granted to the extent set forth below; and it is further

ORDERED, that Case No. 8-25-72986-las is reopened for the limited purpose of determining the legal effect of the Chapter 13 petition filed on August 4, 2025 and related relief; reopening does not reinstate the dismissed Chapter 13 case, confirm a plan, or create a new automatic stay; and it is further

ORDERED, that the Debtor, SN Servicing Corporation, U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust, the Chapter 13 Trustee, the United States Trustee, the foreclosure referee, the purchaser or assignee, and any title or recording party shall appear at a hearing on __________________, 2026 at ______ __.m. to address: (a) whether the August 4, 2025 petition caused an automatic stay to arise; (b) whether any stay protected 712 Brook Court on August 5, 2025; (c) whether the May 6, 2025 order entered as Docket No. 24 in Chapter 7 Case No. 8-25-71060-las applied to the later Chapter 13 case; and (d) the legal effect of the August 5, 2025 foreclosure sale; and it is further

ORDERED, that within fourteen (14) days after entry of this Order, SN Servicing Corporation, U.S. Bank Trust National Association, Friedman Vartolo LLP, the foreclosure referee, and any known purchaser or assignee shall file and serve a status declaration identifying: (1) the purchaser and any assignee; (2) whether a memorandum of sale was executed; (3) whether a referee's deed was prepared, delivered, submitted for recording, or recorded; (4) any transfer, resale, mortgage, lease, management, possession, eviction, or surplus-distribution activity; and (5) all persons or entities presently claiming an interest derived from the sale; and it is further

ORDERED, that the parties shall file copies of Chapter 7 Docket No. 24 and any order, notice, recording, or other document on which they rely to contend that the May 6, 2025 stay relief applied in a subsequent case or had in rem effect under 11 U.S.C. § 362(d)(4); and it is further

ORDERED, that pending the hearing and further order of this Court, after service of this Order, no served party shall take any new act to record or transfer a referee's deed, assign a bid, resell or encumber the property, commence or continue eviction or possession enforcement, or distribute surplus proceeds concerning 712 Brook Court, except upon further order of this Court; and it is further

ORDERED, that if the Court determines that an adversary proceeding is required, the Debtor shall commence that proceeding within twenty-one (21) days after such determination, and the preservation provisions of this Order shall remain in effect during that period unless modified by the Court; and it is further

ORDERED, that service of this Order and the motion papers shall be made by ECF where applicable and by overnight mail and email where known upon the parties listed in the attached service schedule within three (3) business days after entry; and it is further

ORDERED, that the Court retains jurisdiction to interpret and enforce this Order.

Dated: Central Islip, New York
___________________, 2026

ENTER:

______________________________________

HON. LOUIS A. SCARCELLA
UNITED STATES BANKRUPTCY JUDGE

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DHARMANAND LATCHMAN aka<br>DHARMANAND LACHMAN,<br><br>Debtor. | Chapter 13<br><br>Case No. 8-25-72986-las<br><br>Hon. Louis A. Scarcella |

## DECLARATION OF SERVICE

I, ______________________________, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that on ________________, 2026, I served a true copy of the Notice of Motion, Declaration, Memorandum of Law, Proposed Order, and exhibits by the methods indicated below upon the following:

| Recipient | Address | Method |
|---|---|---|
| Michael J. Macco, Chapter 13 Trustee | 2950 Express Drive South, Suite 109, Islandia, NY 11749 | ECF / Mail |
| Office of the United States Trustee | Long Island Federal Courthouse, 560 Federal Plaza, Room 560, Central Islip, NY 11722 | ECF / Mail |
| Friedman Vartolo LLP, counsel for SN Servicing Corporation / U.S. Bank Trust National Association | 1325 Franklin Avenue, Suite 160, Garden City, NY 11530 | ECF / Mail / Email |
| U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust | c/o Friedman Vartolo LLP, 1325 Franklin Avenue, Suite 160, Garden City, NY 11530 | Mail |
| U.S. Bank | 101 5th Street East, St. Paul, MN 55101-1898 | Mail |
| Foreclosure Referee | Address appearing on the Nassau County Supreme Court docket in Index No. 605715/2023 | Mail / Email |
| Successful bidder, purchaser, or assignee of bid | To be inserted after disclosure or obtained from the referee / state-court docket | Mail / Email |
| Any title company or recording agent known to be handling the referee's deed | To be inserted before service if known | Mail / Email |

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 8/6, 2026
Baldwin, New York

[signature]
**DECLARANT**

712 Brook Court
Baldwin, New York 11510
Telephone: (516) 851-7454

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| DHARMANAND LATCHMAN aka DHARMANAND LACHMAN, | Case No. 8-25-72986-las |
| | Hon. Louis A. Scarcella |
| Debtor. | |

**EXHIBIT A COVER SHEET**

# EXHIBIT A

**Document:** Notice of Bankruptcy Case Filing, Chapter 13, Case No. 8-25-72986-las, filed August 4, 2025

**Purpose:** Establishes the Chapter 13 filing date and time and the Court's general stay notice.

The cited document is appended immediately after this cover sheet in the assembled PDF filing package.

United States Bankruptcy Court
Eastern District of New York

FILED
08/04/2025
2:57 PM

## Notice of Bankruptcy Case Filing

A bankruptcy case concerning the debtor(s) listed below was filed under Chapter 13 of the United States Bankruptcy Code, entered on 08/04/2025 at 3:13 PM and filed on 08/04/2025 at 2:57 PM.

**Dharmanand Latchman**
712 Brook Court
Baldwin, NY 11510
SSN / ITIN: xxx-xx-0189
*aka* **Dharmanand Lachman**

The bankruptcy trustee is:

**Michael J. Macco**
Michael J. Macco Trustee
2950 Express Dr S
Ste 109
Islandia, NY 11749
631-549-7908

The case was assigned case number 8-25-72986-las to Judge Louis A. Scarcella.

In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

If you would like to view the bankruptcy petition and other documents filed by the debtor, they are available at our *Internet* home page https://ecf.nyeb.uscourts.gov/ or at the Clerk's Office, 290 Federal Plaza, Central Islip, NY 11722.

You may be a creditor of the debtor. If so, you will receive an additional notice from the court setting forth important deadlines.

**Paul Dickson**
**Clerk, U.S. Bankruptcy Court**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/06/2026 00:24:26 | | | |
| **PACER Login:** | wgpara2012 | **Client Code:** | |
| **Description:** | Notice of Filing | **Search Criteria:** | 8-25-72986-las |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DHARMANAND LATCHMAN aka<br>DHARMANAND LACHMAN,<br><br>Debtor. | Chapter 13<br><br>Case No. 8-25-72986-las<br><br>Hon. Louis A. Scarcella |

**EXHIBIT B COVER SHEET**

# EXHIBIT B

**Document:** Order to Show Cause entered August 5, 2025 in Case No. 8-25-72986-las

**Purpose:** Shows that dismissal was proposed because the Chapter 7 case was pending; it does not expressly determine the stay issue.

The cited document is appended immediately after this cover sheet in the assembled PDF filing package.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

In re: Chapter 13

Dharmanand Latchman
aka Dharmanand Lachman, Case No. 8-25-72986-las

Debtor.
-------------------------------------------------------------x

ORDER TO SHOW CAUSE

Dharmanand Latchman (the "Debtor") filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on August 4, 2025; and it appearing to the Court that the Debtor is also a debtor in a Chapter 7 case, Case No. 25-71060-las, currently pending before this Court; it is hereby

ORDERED, that the Debtor show cause before the Court on **August 12, 2025 at 10:00 a.m.** ("Hearing") at **Courtroom 970** at the United States Bankruptcy Court for the Eastern District of New York, 290 Federal Plaza, Central Islip, New York, why an Order should not be entered dismissing this case due to the Debtor's pending Chapter 7 case; and it is further

ORDERED, that responses may be considered at the Hearing.

Dated: August 5, 2025
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207−8 | User: admin | Date Created: 8/5/2025 |
| Case: 8−25−72986−las | Form ID: pdf000 | Total: 4 |

**Recipients of Notice of Electronic Filing:**

| | | |
|---|---|---|
| ust | United States Trustee | USTPRegion02.LI.ECF@usdoj.gov |
| tr | Michael J. Macco | ecfmacco@trustee13.com |

TOTAL: 2

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | | |
|---|---|---|---|
| db | Dharmanand Latchman | 712 Brook Court | Baldwin, NY 11510 |
| 10549877 | US Bank | 101 5th St E | St. Paul, MN 55101−1898 |

TOTAL: 2

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| DHARMANAND LATCHMAN aka DHARMANAND LACHMAN, | Case No. 8-25-72986-las |
| | Hon. Louis A. Scarcella |
| Debtor. | |

**EXHIBIT C COVER SHEET**

# EXHIBIT C

**Document:** Order of Dismissal entered August 12, 2025 in Case No. 8-25-72986-las

**Purpose:** Shows the dismissal date and stated basis.

The cited document is appended immediately after this cover sheet in the assembled PDF filing package.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------- x
In re:

Dharmanand Latchman
aka Dharmanand Lachman

Debtor.
-------------------------------- x

Chapter 13

Case No. 8-25-72986-las

**ORDER OF DISMISSAL**

The above-captioned debtor, Dharmanand Latchman (the "Debtor"), having filed a petition for relief pursuant to Chapter 13 of the Bankruptcy Code on August 4, 2025; and it appearing to the Court that the Debtor is also a debtor in a Chapter 7 case, Case No. 25-71060-las (the "Chapter 7 Case"), currently pending before this Court; and the Court having entered an Order, dated August 5, 2025, directing the Debtor to show cause why this bankruptcy case should not be dismissed in light of the pending Chapter 7 Case (the "Order to Show Cause"); and the Order to Show Cause was heard by the Court on August 12, 2025 (the "Hearing"); and the Debtor having failed to file any opposition to the Order to Show Cause or to appear at the Hearing; and after due deliberation and for cause shown; it is hereby

ORDERED, that this Chapter 13 case is hereby dismissed.

**Dated: August 12, 2025**
**Central Islip, New York**

**Louis A. Scarcella**
**United States Bankruptcy Judge**

Information to identify the case:

| | | | |
|---|---|---|---|
| Debtor 1: | Dharmanand Latchman<br>First Name Middle Name Last Name | Social Security number or ITIN: | xxx–xx–0189 |
| | | EIN: | __–_______ |
| Debtor 2:<br>(Spouse, if filing) | First Name Middle Name Last Name | Social Security number or ITIN: | ____ |
| | | EIN: | __–_______ |
| United States Bankruptcy Court: | Eastern District of New York | Date case filed for chapter: | 13 8/4/25 |
| Case number: | 8–25–72986–las | | |

# NOTICE OF DISMISSAL OF CASE

**NOTICE IS HEREBY GIVEN THAT:**

The above–named debtor(s) having filed a Chapter 13 petition in bankruptcy on August 4, 2025, and an order having been signed by the Honorable Louis A. Scarcella , United States Bankruptcy Judge, on August 12, 2025 for the dismissal of said petition.

You are notified that the petition of the above–named debtor(s) has been dismissed.

Notice is further given that if there are any outstanding filing fees due, they must be paid in full to the Clerk of Court upon receipt of this notice.

Dated: August 12, 2025

For the Court, Paul Dickson, Clerk of Court

**BLnod.jsp** [Notice of Dismissal rev. 03/07/17]

# Notice Recipients

| | | |
|---|---|---|
| District/Off: 0207–8 | User: admin | Date Created: 8/12/2025 |
| Case: 8–25–72986–las | Form ID: 227 | Total: 4 |

**Recipients submitted to the BNC (Bankruptcy Noticing Center):**

| | | |
|---|---|---|
| db | Dharmanand Latchman | 712 Brook Court Baldwin, NY 11510 |
| tr | Michael J. Macco | Michael J. Macco Trustee 2950 Express Dr S Ste 109 Islandia, NY 11749 |
| smg | United States Trustee | Office of the United States Trustee Long Island Federal Courthouse 560 Federal Plaza – Room 560 Central Islip, NY 11722–4437 |
| 10549877 | US Bank | 101 5th St E St. Paul, MN 55101–1898 |

TOTAL: 4

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>DHARMANAND LATCHMAN aka<br>DHARMANAND LACHMAN,<br><br>Debtor. | Chapter 13<br><br>Case No. 8-25-72986-las<br><br>Hon. Louis A. Scarcella |

**EXHIBIT D COVER SHEET**

# EXHIBIT D

**Document:** Chapter 13 docket history for Case No. 8-25-72986-las

**Purpose:** Shows the petition, Order to Show Cause, dismissal, and closure entries.

The cited document is appended immediately after this cover sheet in the assembled PDF filing package.

**8-25-72986-las** Dharmanand Latchman
**Case type:** bk **Chapter:** 13 **Asset:** Yes **Vol:** v **Judge:** Louis A. Scarcella
**Date filed:** 08/04/2025 **Date of last filing:** 09/09/2025
**Debtor dismissed:** 08/12/2025
**Date terminated:** 09/09/2025

# History

| Doc. No. | Dates | | Description |
|---|---|---|---|
| | *Filed & Entered:* | 08/04/2025 | Judge Assigned (JTA) |
| | *Filed & Entered:* | 08/04/2025 | Trustee Assigned (JTA) |
| | *Filed & Entered:* | 08/04/2025 | Prior Filings |
| | *Filed & Entered:* | 08/04/2025 | Receipt Number and Filing Fee Auto |
| 1 | *Filed & Entered:*<br>*Terminated:* | 08/04/2025<br>08/05/2025 | Voluntary Petition (Chapter 13) |
| 2 | *Filed & Entered:* | 08/04/2025 | Request for Notice - Meeting of Creditors and Hearing on Confirmation Chapter 13 |
| 4 | *Filed & Entered:* | 08/04/2025 | Deficient Filing Chapter 13 |
| 5 | *Filed & Entered:* | 08/04/2025 | Application to Pay Filing Fees in Installments |
| 6 | *Filed & Entered:* | 08/05/2025 | Order to Show Cause for Dismissal of Case |
| 7 | *Filed:*<br>*Entered:* | 08/06/2025<br>08/07/2025 | BNC Certificate of Mailing - Meeting of Creditors |
| 8 | *Filed:*<br>*Entered:* | 08/06/2025<br>08/07/2025 | BNC Certificate of Mailing with Notice of Deficient Filing |
| 9 | *Filed:*<br>*Entered:* | 08/07/2025<br>08/08/2025 | BNC Certificate of Mailing with Application/Notice/Order |
| | *Filed & Entered:* | 08/12/2025 | Hearing Held (Case Owned BK) |
| 10 | *Filed & Entered:* | 08/12/2025 | Order Dismissing Case with Notice of Dismissal |
| 11 | *Filed:*<br>*Entered:* | 08/14/2025<br>08/15/2025 | BNC Certificate of Mailing with Notice of Dismissal |
| 12 | *Filed & Entered:* | 08/21/2025 | Chapter 13 Trustee's Final Report and Account for Dismissed Case |
| 13 | *Filed & Entered:*<br>*Terminated:* | 08/25/2025<br>08/25/2025 | Motion to Authorize/Direct |

| | | | |
|---|---|---|---|
| 14 | *Filed & Entered:* | 08/25/2025 | Certificate of Credit Counseling |
| 15 | *Filed & Entered:* | 08/25/2025 | Order on Motion to Authorize/Direct |
| 16 | *Filed & Entered:* | 08/25/2025 | Court's Certificate of Mailing |
| 17 | *Filed:* *Entered:* | 08/27/2025 08/28/2025 | BNC Certificate of Mailing with Application/Notice/Order |
| | *Filed & Entered:* | 09/09/2025 | Close Bankruptcy Case |
| 18 | *Filed & Entered:* | 09/09/2025 | Close Dismissed Case |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 08/06/2026 00:25:21 | | | |
| **PACER Login:** | wgpara2012 | **Client Code:** | |
| **Description:** | History/Documents | **Search Criteria:** | 8-25-72986-las Type: History |
| **Billable Pages:** | 1 | **Cost:** | 0.10 |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 13 |
| DHARMANAND LATCHMAN aka<br>DHARMANAND LACHMAN, | Case No. 8-25-72986-las |
| | Hon. Louis A. Scarcella |
| Debtor. | |

**EXHIBIT E COVER SHEET**

# EXHIBIT E

**Document:** Order dated July 15, 2026 in Chapter 7 Case No. 8-25-71060-las, Docket No. 58

**Purpose:** Confirms that Chapter 7 Docket No. 24 granted stay relief for 712 Brook Court and distinguishes the remaining Chapter 13 issue.

The cited document is appended immediately after this cover sheet in the assembled PDF filing package.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------x

In re: Chapter 7

Dharmanand Latchman
aka Dharmanand Lachman,

Case No. 8-25-71060-las

Debtor.

----------------------------------------------------------------x

# ORDER DENYING MOTION FOR HEARING ON SHORTENED NOTICE

Dharmanand Latchman aka Dharmanand Lachman ("Debtor"), proceeding *pro se*,[1] filed an emergency application on July 14, 2026 seeking an order, among other things, (i) declaring that the foreclosure sale of real property located at 712 Brook Court, Baldwin, New York 11510 (the "Brook Court Property") that was conducted on August 5, 2025 to be void and conducted in violation of the automatic stay, and (ii) enjoining any recording of a referee's deed, transfer of title and any other activity concerning the Brook Court Property ("Motion") [Dkt. No. 57]. After due deliberation, the Court found (i) the Debtor has not set forth sufficient cause pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and E.D.N.Y. LBR 9077-1(c) for scheduling a hearing with respect to the Motion on shortened notice, and (ii) notwithstanding the Debtor's allegations that the foreclosure sale was conducted in violation of the automatic stay, the Court previously entered an Order dated May 6, 2025, granting SN Servicing Corporation as servicer for U.S. Bank Trust National Association, as Trustee of Igloo Series V Trust ("Creditor"), relief from the automatic stay under section 362(d)(1) of the Bankruptcy Code to allow the Creditor's enforcement of its rights in, and

[1] Raymond W. Verdi, Jr., Esq. is the Debtor's counsel of record in this case. However, there is no indication that Mr. Verdi prepared the emergency application and Mr. Verdi did not sign the application.

remedies in and to, the Brook Court Property [Dkt. No. 24]. Therefore, it is hereby

ORDERED that the Debtor's Motion is denied in its entirety.

Dated: July 15, 2026
Central Islip, New York

Louis A. Scarcella
United States Bankruptcy Judge